IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEMIYA BRYANT,
and others similarly situated,

    Plaintiff,

v.

METHODIST HOSPITALS OF DALLAS,
d.b.a. METHODIST HEALTH SYSTEM

    Defendant.
_____/

C.A. No.: 3:16-CV-00841
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEMIYA BRYANT ("Plaintiff" or "Bryant"), and others similarly situated, by and through her undersigned counsel, hereby sues Defendant, METHODIST HOSPITALS OF DALLAS, d.b.a. METHODIST HEALTH SYSTEM ("Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against her employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

/ / /

/ / /

## JURISDICTION

2. This court enjoys federal question jurisdiction pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant has offices located in Dallas, Texas. Plaintiff and many other similarly situated employees were employed by Defendant in the DFW Metroplex area, and so the material facts giving rise to their claims occurred in the Northern District of Texas as well.

## THE PARTIES

4. Plaintiff, KEMIYA BRYANT, is an individual residing in Dallas, Texas.

5. Defendant, METHODIST HOSPITALS OF DALLAS, d.b.a. METHODIST HEALTH SYSTEM, employed Plaintiff as a police officer from November 3, 2008 through July 29, 2015. Plaintiff, and all other similarly situated employees, were employees of Defendant and at all times relevant to the violations of the FLSA were engaged in commerce as defined by 29 U.S.C. § § 206(a) and 207(a)(1).

/ / /

6. Plaintiff and other similarly situated employees worked at Methodist Dallas Medical Center, Methodist Charlton Medical Center, and Methodist Richardson Medical Center.

7. Defendant is a Texas corporation engaged in the business of healthcare throughout northern Texas and is an employer as defined by 29 U.S.C. § 203(d).

8. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by §3(r) and §3(s) of the Act, 29 U.S.C. § 203(r)-(s).

10. Plaintiff represents a class of similarly situated employees within the meaning of the FLSA consisting of current and former police officers employed by Defendant who were not paid time and one-half their regular rate of pay for hours worked in excess of 40 in any workweek (hereinafter, "class").

11. At all times material to this Complaint, Defendant was the employer of the Plaintiff, and others similarly situated, and, as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

12. Additionally, Plaintiff, and others similarly situated, was individually engaged in commerce and her work was directly and vitally related to the functioning

of Defendant's business activities. Specifically, Plaintiff, and others similarly situated, were police officers for health centers throughout north Texas and presumably attended to patients who visited the health centers from out of state.

13. Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendant pursuant to 29 U. S. C. § 216(b).

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

14. Throughout the employment of Plaintiff, and others similarly situated, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

15. Specifically, Defendant required that Plaintiff, and all others similarly situated, work for 15 minutes both before and after her 8 hour shift each day, for which she was not paid. Plaintiff, and all others similarly situated, worked an average of approximately forty-two and a half (42.5) hours per week during her employment with Defendant, but was not paid for her overtime work. Instead, Plaintiff was paid for only forty hours of work per week.

16. Plaintiff, and all others similarly situated, did not take uninterrupted lunch breaks during their workdays.

17. Defendant was aware that the FLSA required it to pay Plaintiff and each member of the class time and one-half of his or her regular rate of pay for hours worked in excess of 40 in any workweek.

18. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF METHODIST HOSPITALS OF DALLAS, WHO WERE EMPLOYED AS POLICE OFFICERS AND WERE NOT PROPERLY COMPENSATED FOR ALL OVERTIME HOURS WORKED

19. This action is properly brought as a collective action for the following reasons:

    a. The Class is so numerous that joinder of all Class Members is impracticable.

    b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues

which may exist.

c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g. Defendant acted on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole.

20. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

///

21. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendant.

22. Defendant's policy of not paying overtime is company-wide and police officers employed by Defendant during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

23. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

24. Defendant either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendant's unlawful conduct, Plaintiff, and all others similarly situated, is entitled to actual and compensatory damages, including the

amount of overtime which was not paid that should have been paid.

28. Plaintiff, and all others similarly situated, is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, KEMIYA BRYANT, and all others similarly situated, demand Judgment against Defendant, METHODIST HOSPITALS OF DALLAS, d.b.a. METHODIST HEALTH SYSTEM, for the following:

   a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

   b. Ordering prompt notice of this litigation to all potential Class Members;

   c. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   d. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

   e. Awarding Plaintiff and Class Members their pre-judgment interest as provided by law, should liquidated damages not be awarded;

   f. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, KEMIYA BRYANT, and others similarly situated, demands a jury

trial on all issues so triable.

Respectfully submitted this March 24, 2016.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**